DACA 21-1194, and Mr. Solem, when you're prepared to present, we welcome your arguments. Thank you. Good morning, Honorable Judges of the Tenth Circuit. Good morning, Council. My name is Eric Solem. I am the attorney for the conservator regarding the minor child who is the plaintiff and the appellant in this case. I'd like to begin by giving a brief recitation of the facts. I don't intend to be too long on the facts because they've been pretty well detailed in all of the briefs. Basically, this is a case involving a minor child who had an extreme severe reaction to a childhood vaccination at the age of one year. And as a result of that, she filed, out of her mother at the time, filed a claim for compensation under the National Vaccination Act. The National Vaccination Act provides benefits to people who have adverse reactions to vaccinations under a no-fault system. Basically, rather than bring a case against a vaccine manufacturer, Congress had created a program where one could receive compensation as long as they were demonstrating that they had an injury after the administration of the vaccine. That happened in this case. A case was filed in front of the Federal Court of Claims. Those cases are handled by the Department of Justice, and the compensation is paid by the Department of Health and Human Services. As a result of that, a special master assigned to the case by the Federal Court of Claims made a decision that the child was entitled to compensation as a lump sum and as an annuity and as something called a reversionary trust, which was an extremely limited trust only for specified types of behavior, which they called AB therapy, which is basically behavior therapy. That trust is administered by a bank in Florida, and it reverts automatically to the federal government in the year 2031 and has a declining series of payments. This procedure through the Court of Claims was, and by the way, the lump sum was placed into a disability trust. There's no issue regarding the disability trust. The disability trust set up under state and federal law was approved by the Department of Health Care Policy and Financing, so there's no issue regarding that. The issue was pertained to whether the reversionary trust was somehow a countable resource for purposes of the Medicaid program and whether the annuity was income to the child or it was income to the trust. The case before the Federal Court of Claims was decided in 2011. It wasn't until 2016 that the issue of the reversionary trust and the annuity came up, and it came up in the context of a notice filed by the County Department of Social Services that Ms. Grimes was not eligible for Medicaid. Ms. Grimes had been on the Medicaid program and is still on the Medicaid program for some 14 years. After that notice, there was a hearing. Counsel, I think we're pretty familiar with the facts. I think we're all prepared and have reviewed the briefs and are familiar with the record. I'd like to talk, if you would, about the claim conclusion issue, which is what we're here about. Yes. The district court dismissed, Judge Martinez dismissed on that basis. First of all, could you clarify for me whether you're challenging or suggesting that any of the elements of claim preclusion other than identity of claims is at issue here? The nature of the claims and the identity of claims is what we think the claim preclusion doctrine does not apply to, and basically the reason for that is that the procedure in front of the department is a two-tiered system. It's first assigned to an administrative law judge. The administrative law judge doesn't have any authority to decide questions about the constitutionality or the legality of interpretations made by the State Department. Right. So that brings me to my next question, which is, of the four claims that you raised in your complaint, as 1983 claims, which of those actually challenge a violation of a federally protected right versus just the application of federal law? First of all, the first claim details that this is a wavered program and has to be administered under federal law under SSI methodology. It was not administered under SSI methodology, so that's a claim that we have that was inconsistent with federal law. So you're talking about the application being, of the methodology being wrong. I think that's been somewhat of a confusing point in this case about whether you have to facially challenge a regulation or whether you can challenge a regulation as applied to a certain set of facts.  Yeah, I think in the first cause of action, we challenged it. You're actually challenging a regulation as opposed to just the application itself. Something about it. We're challenging. Yes, Your Honor. We're challenging the regulation as it applies to the facts of this case. You know, in federal civil rights cases, there are many cases where we have facial challenges to regulations and where we have challenges to regulations based on their application. And that's the issue here is the application. So for instance, the appeals officer found that under the regulations, the trust, the reversionary trust was defective, was a defective disability trust based on the regulations. Our claim is that the federal statute says that the determination of whether a trust is countable or not is based on federal law. Federal law is paramount here based on Hearn v. Bye, which is a long-standing decision in the Tenth Circuit, and that federal law is preeminent. I should point out that the claims that were made in this case, both were made under Section 1983 Civil Rights Statute. They're also made under Section 1331 Federal Jurisdiction. You don't contend, though, that the Colorado regulations are in violation of the federal statutes. In other words, that they contradict them. So that following the Colorado regulations would necessarily mean that you were violating federal law. You don't contend that. We contend that the way that the department interpreted their own regulations, which we were unable to challenge in the administrative procedure, violate federal law. But didn't you? Didn't you raise that with the ALJ and then also on appeal, what you thought that what the federal law should be applied? And in fact, the ALJ agreed with you, whereas the Appeals Council didn't. Your Honor, not entirely. What we did is we said that the interpretation of the regulations was not in accordance with federal law, but still the issue before the administrative body was the interpretation of its own regulations. Ultimately, they decided that their regulations had to be enforced as written and that they would not look at federal law. They would interpret the regulations as the regulations were. So we did bring up the context of federal law, but we didn't actually, nor did we have any authority to have the administrative body follow or explicitly interpret federal law. Well, do you agree that you would lose this appeal if the agency had the authority to look at the federal laws you were asking them to do and to interpret it as it pleased? Well, obviously I think that the district court found that we would lose the case if we did that. I understand that. I'm asking do you agree with the district court on that, and if not, why not? I don't agree with the district court because, for the reasons enunciated in the Gale case, one, the claims preclusion doctrine is a doctrine of state law, and I think the Gale decision enumerated the factors of when claim of preclusion applies to 1983 cases. And it said that when you have a procedure that's basically a pellet in nature under the APA, which is what this is, that you are not foreclosed from raising federal issues based on the doctrine of claims preclusion. And I would cite to you directly from the Gale case, which said, in citing from the Sondheim case, which is one of the cases that the Gale case reviewed, and it said, review of agency action, whether in the district court or the court of appeals, is essentially a pellet in nature and based on the board's administrative record. Section 1983 suits involved evidentiary presentation to and fact-finding by district court. So we think that the claims preclusion doctrine, under the principles enunciated in Gale, and also under the principles that the amicus council wrote about in terms of exhaustion of administrative remedies, which are part of the rationale or basis for the claims preclusion doctrine and the doctrine of supplemental proceedings, ever since Monroe v. Pape, Patsy v. Board of Regents, all those Supreme Court decisions do not require us to raise, nor could we raise, federal statutory issues in the administrative context. Yes, and that's correct. But the trouble is, this case, as I see it, is different from Gale, because what we're trying to decide here is, did you even raise constitutional claims, regardless of how you've labeled your federal action, and you've labeled it in 1983. If you didn't actually raise federal constitutional claims, if you're raising the same claims and seeking redress for the same injury that you sought below, then this isn't essentially a true 1983 claim. You see what I'm saying? You can't just characterize it as that and then be able to make a separate claim. Well, Your Honor, we were not able to raise 1983 claims before the administrative Right, but I'm saying, if you were truly raising a 1983 claim, if you could identify some constitutional issues that you were raising, then Gale's holding would make more sense here. But if you're just labeling your 1983 action as such, but it's truly just raising the same claims you raised below, that aren't constitutional in nature, Colorado law tells us we need to look to the nature of the claims, not necessarily what you've labeled them. Well, I understand that, but I think we were not able to assert federal law, nor did the opinion of the appeals officer apply in any respect federal law to the facts of the case. Could you have asserted a 1983 claim immediately upon learning the department was going to find ineligibility and bypass the LJA and so forth? Obviously, that was a tactic that we could have employed. We could have gone straight to the district court on 1983 cases. We thought that we had a good case on the interpretation of the regulations. Is there a taking two bites of the apple aspect of this? You're going to try it out, see how you do in the agency, and if you don't like what happens, then you'll file in federal court? I don't think so. I think what we felt is that we had a good case. I think the district court felt we had a good case if we had taken it to judicial review. I mean, I think you said so much. It said colorable or something like that. Yeah, I think we made a decision that we thought we could win on the regulations, not that we were thinking of filing a 1983 case. But when the interpretation of the regulations came out that one, SSI rules don't apply unless you're an SSI recipient, unless you don't apply methodology, we won't look at it unless you're actually an SSI recipient. Ms. Grimes is not an SSI recipient. OK, it's your call, but if you want to reserve time, now's the time to do it. OK, I would like to reserve some time, Your Honor. Thank you for your questions. Good morning, and may it please the Court. I am Assistant Solicitor General Michael McMaster, on behalf of the defendant, Appelese, in this case, both of whom are officials at the Colorado Department of Healthcare Policy and Financing. There's two primary points I'd like to address this morning in our discussion. The first is the plaintiff's incorrect claim that the department cannot adjudicate matters under federal law, and the second is the plaintiff's misapplication of Colorado's claim preclusion law. But before jumping into those two points, I want to briefly acknowledge, just as the district court did below, that this case is tragic. No one in this room disputes that the plaintiff is entitled to support and assistance. But the core of the administrative dispute was over which governmental program would provide that support and assistance. The department determined, as required by Congress, that the plaintiff must use the funds provided through the Vaccine Injury Compensation Fund first before accessing the That determination, whether right or wrong, is entitled to full faith and credit, and the plaintiff cannot collaterally attack that decision with a separate 1983 action. And that, I think, brings me to the first point, which is the plaintiff's incorrect claim that the department cannot adjudicate matters under federal law. The plaintiff argues that the department in the Office of Appeals, as well as the ALJ, were prohibited from considering the claims which she articulates in the complaint below. This is incorrect, both factually and legally. We know factually, by looking at the record, both the ALJ and the Office of Appeals considered and applied federal statutes in determining the plaintiff's eligibility. Ultimately, the plaintiff convinced the ALJ, but was unsuccessful in convincing the Office of Appeals. Being unsuccessful in making a claim is not the same as being prohibited from making a claim. Well, isn't it, you don't disagree, do you, that if he had, if the plaintiff had truly raised constitutional claims, they would not have been able to raise them below? I don't disagree at all. Right, because that's really what we're talking about here when we talk about 1983 claims. I want to clarify, because I think you might be saying something different than what he is saying. Well, I think we're saying the same, well, I think we're saying the same thing, but. The fact is, you can't raise constitutional claims, you do concede that. Absolutely. But what you're saying, I think, is that even though he's characterized these as constitutional claims, in the 1983 action, they're just applying federal law, they're not actually, is that right? That's absolutely correct. Okay. But I think the mistake that the plaintiff is making is treating all actions captioned under 1983 as the same. And just to be clear, I think to, I want to answer your question. There are limits to what an ALJ and the Office of Appeals can consider. And those are found in two regulations of the department. And the ALJ, so those, the first of those two is that an ALJ is bound by a department interpretation of a statute if the department has a regulation implementing that statute. There really isn't any dispute that that particular limitation is at issue in this case. The second is that an ALJ does not have the authority to declare department regulation as unconstitutional or otherwise unlawful. And there are certainly, without a doubt, 1983 claims that would fall under that type of limitation. That is not anything that we dispute. The problem here for the plaintiff is those aren't the claims that they argued in the administrative hearing, nor is it the, nor are those types of the claims that they presented in the complaint in this case. So to be clear, given those only two limitations, the ALJ and the Office of Appeals are not and state regulation alone, an individual challenging the department's determination is free to cite federal statute. In fact, they do it all the time. So that particular kind of broad brush claim that the department or the ALJ can't consider federal law is inaccurate. It doesn't capture the nuance of those two particular regulations. The claims that were presented in the complaint here, they do not challenge a regulation's interpretation of a statute, which is the first of those two limitations, and they also do not challenge the constitutionality or legality of a department regulation. So neither of those two limitations restricted what the plaintiff here was permitted to argue in the administrative hearing. Instead, she challenges only the application of those otherwise valid regulations to her particular set of circumstances, essentially asking the district court to decide what was the correct application of those laws. And in fact, the complaint is explicit in saying that the plaintiff is asking the district court to decide who was right, the ALJ or the Office of Appeals, in applying it to her particular circumstances. So I want to jump to the second point, which is the plaintiff's misapplication of Colorado's claim preclusion law. Here the district court correctly found that each of the plaintiff's claims met the four elements of claim preclusion. And in response, the plaintiff relies on Gale v. Denver, but the plaintiff's reliance on the Gale case is misplaced. As argued in the opening brief, Gale does not state or recognize that an administrative hearing will not have a preclusive effect if a party elects to forego judicial review. That is just simply not what the case said. In contrast, what we cited is the Colorado Court of Appeals in Montoya, which recognized that even quote-unquote unreviewed administrative hearings can still have a preclusive effect. And kind of as the plaintiff argues today, Gale does recognize that some, that the administrative hearings are, can be appellate in nature, but I think this brings us back to what we discussed earlier, where the plaintiff is by and large using the title or the title of the cause of action in 1983 as a broad umbrella to capture not only actual constitutional challenges, but the claim that they're trying to make here, which isn't really in fact, you know, a real 1983 action. Instead, it is an attempt to re-litigate the application of valid regulations to her particular set of circumstances. I do want to... Can you comment on what... There was a statement that Judge Martinez made at the end of the original order about something about it was incumbent on counsel to pursue direct state review rather than a long shot 1983 action. Was he... I mean, it sounded like he was saying that he had to exhaust, but I take it you don't think that's what... No one's suggesting there was an exhaustion requirement here. That's right. And to be clear, we agree there is no exhaustion requirement in this instance. I read the district court's order a little bit differently. The comment came after the court had already concluded that all four of the causes of action were subject to claim preclusion and dismissed them. I read that comment as a criticism directed towards plaintiff's counsel in the strategy that he chose, but I do not read that as... Was it a misplaced comment then? Because it did seem to be suggesting counsel erred in not exhausting. To the extent the comment invoked the exhaustion of administrative remedies doctrine, it was probably misplaced. I will leave it to Judge Martinez to make qualitative judgments about strategies of counsel, but we agree that the exhaustion doctrine doesn't apply here. And even if it did, the plaintiff here did exhaust her administrative remedies. I thought Judge Martinez was saying you're going to be locked in on that administrative finding unless you take it to state court. That's one more chance for you to potentially win, but if you don't take it to state district court, you lose. So you should have gone to state district court. Is that your understanding or not? My understanding is a little bit different. I think Judge Martinez was observing that judicial review under the state APA was an But at that point in time, it no longer was an option. And simply through the passage of time and the sequence of events, the plaintiff no longer had that avenue for relief available to her. And that's why I believe the judge was commenting on that particular strategic choice by counsel. Had they sought judicial review and went through the entire state process, appeal process, would they still have been able to bring a 1983 claim? Not these 1983 claims. Right. Well, or any. I mean, my understanding of when I think I read a further transcript somewhere, the indication was that that was a strategic choice, basically, not to bring a direct review and state court appellate review so that they could preserve the 1983 claims. So there hadn't been any judicial review, at least at that level. I recall the same claim made in the opening brief that it was a strategic choice. I apologize, Your Honor, but I can't really comment as to whether that was the right choice. But I think the other half of your initial question is that I do believe that this plaintiff or a plaintiff like this plaintiff could bring a different type of 1983 claim. As we discussed earlier, let's say a constitutional challenge to a department regulation. We agree that type of claim couldn't have been brought in the administrative hearing, but that is simply not what any of these claims in this complaint do or say. They only seek to challenge the application of otherwise valid regulations and statutes to her particular set of circumstances. So do you agree that the plaintiff could have immediately brought a 1983 and bypassed the ALJ and appeal board and state district court and got that claim to the federal court? That way. I agree insofar as the claim preclusion doctrine wouldn't apply then, right? We wouldn't have a prior proceeding. Therefore, we wouldn't have finality. Because there was no proceeding, there wouldn't be identity of claims. There would be other problems with that avenue. But for our purposes and our discussion today about claim preclusion, I do agree, Your Honor. Well, what are the other problems? Because they may have implications for my thinking at least. If you can't even get to federal court, I may look at the case differently. So why would they not be able to do that? Well, one example, as we briefed in the motion to dismiss, which the district court didn't reach because it resolved on claim preclusion grounds, is that these particular statutes do not have an enforceable private right of action. So on that basis, they wouldn't have... Again, this, I think, gestures towards Judge Moore's question. These really aren't actual 1983 claims. You're speaking more to the merits. I'm asking just as a procedural matter, would there be anything that would bar the plaintiff from bypassing the state administrative and state district court route and immediately going to federal court with the 1983 claim, which may win or lose, but you're properly there? Your Honor, I can't off the top of my head think of an additional procedural bar. I mean, to the extent we want to... If we characterize the blessing test as a merits question, then no, I can't think of one. But I'll note two things. One is it's not particularly surprising that Medicaid eligibility is primarily a state function. That is how the program was designed. So the fact that getting into federal court to decide just that question of eligibility is a challenge really isn't that surprising. The second thing I'll note is that to the extent that we want a federal court to decide that question, the plaintiff here could have proceeded all the way through judicial review and through Colorado's appeals court, and then ultimately petitioned the U.S. Supreme Court to review that question. So there is a possibility there for a federal court to ultimately weigh in. Your Honors, I'd like to, with the remainder of my time, simply respectfully request that this court affirm the district court's dismissal of this complaint. Thank you very much. Well, in the 55 seconds I have remaining, I'd like to say I'm glad that we agree that constitutional issues, at least, could not be heard in front of the administrative agency. And I'd like to emphasize that point, that this case was brought based on federal question claim, that federal law is paramount. Where federal law is paramount, that's preemption, and preemption is a constitutional level claim. So I think I'm glad that we agree on that. The other thing is, is that federal statutes, the judge did not reach the cause of action. And I think the colloquy about causes of action is something that's not really appropriate in this case. This case should really be returned to a decision on whether or not federal law is paramount, federal law applies, and whether there's a right to the statutes that were enumerated in our complaint. And I see my thing is read now. I thank you for your attention to this case and wish you all a good rest of the day. Thank you both for your arguments. Very helpful. The case is submitted.